IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **WESLEY SMITH, #39136** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:22cv471** |
| **CLAY MORGAN JOHNSON** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wesley Smith, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I.  BACKGROUND**

Plaintiff filed the instant civil rights complaint, asserting claims against his defense attorney, Clay Morgan Johnson ("Attorney Johnson"). (Dkt. #1). A review of Lamar County judicial records shows that Plaintiff pled guilty to, and was convicted of, possession of a controlled substance and tampering/fabricating physical evidence with intent to impair. *See* https://portal-txlamar.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=517335. Attorney Johnson was Plaintiff's court-appointed defense counsel in connection with the state criminal charges and is alleged to have "refused to speak w/ or reply to any of [Plaintiff's] attempts to contact him," "refused to investigate [Plaintiff's] charges," and turned "down pleas without informing [Plaintiff] to take [Plaintiff] to trial and lose." (Dkt. #1, p. 4). Plaintiff alleges that he "suffers from bipolar

depression and was forced to go to trial with someone who is openly against [him] which forced [him] to try and plea out." (Dkt. #1, p. 4). Plaintiff seeks monetary relief. (Dkt. #1, p. 4).

## II.  SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."), *cert. denied*, 139 S. Ct. 626 (2018). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Butler v. Tidwell*, No. 4:20-CV-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20-CV-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-CV-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020) (citing *Coleman v. Tollefson*, 575 U.S. 532 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief)); *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i),

"[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III. ANALYSIS

Despite § 1983's broad language, Plaintiff's ineffective assistance of counsel claims "lie within the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Further, regardless of the relief sought, success on these claims would necessarily imply the unlawfulness of Plaintiff's convictions. *See id.* at 81-82. The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated,

or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The Supreme Court thus held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In the present case, Plaintiff fails to show that his conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*. at 486-87. Further, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction; thus, this lawsuit is barred by *Heck*. Therefore, Plaintiff's claims are not cognizable under § 1983 at this time.

In addition, Plaintiff has failed to state a claim for relief under § 1983 against Attorney Johnson. "In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law." *Butler*, No. 4:20-CV-600, 2021 WL 4025379, at *8 (quoting *Newsome v. Robinson*, No. CIV A 4:08-CV-662-Y, 2009 WL 648980, at *1 (N.D. Tex. Mar. 12, 2009)). "A defense attorney, whether appointed or retained, does not act under color of state law." *Id.* (quoting *Kalluvilayil v. Burns*,

4

1:13-CV-099-C, 2013 WL 12098730, at *3 (N.D. Tex. Aug. 30, 2013) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981))); *Chadman v. Quisenberry*, No. 4:17-CV-700-Y, 2019 WL 3530422, at *6 (N.D. Tex. Aug. 2, 2019) ("[Plaintiff] has failed to show that [his defense] attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.") (citing *Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex. 1986)); *Johnson v. Easterling*, CV H-18-3016, 2018 WL 4356749, at **1-2 (S.D. Tex. Sept. 11, 2018) ("Plaintiff cannot maintain an action against his criminal defense attorney under section 1983. . . . It is well established that criminal defense attorneys, even court-appointed public defenders, are not state actors for purposes of section 1983.") (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)); *Thompson v. Roussell*, 799 F. App'x 286, 287 (5th Cir. 2020) (holding that the district court was correct in adopting the magistrate judge's report and recommendation dismissing "the claim against [retained defense counsel] for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), because, contrary to 42 U.S.C. § 1983, [retained defense counsel] did not act under color of state law"). Plaintiff has not demonstrated that Attorney Johnson is a state actor pursuant to § 1983, and therefore, his purported § 1983 claims against Attorney Johnson fails.[1]

Because the only named Defendant should be dismissed, and no Defendant would remain to answer the suit, Plaintiff's entire action should be dismissed.

---

[1] Plaintiff's claims against Attorney Johnson should be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted. *See Thompson*, 799 F. App'x at 286 (affirming the district court's dismissal with prejudice of plaintiff's claims against his defense attorney under § 1983 for failure to state claim); *Butler*, No. 4:20-CV-600, 2021 WL 4025379, at *8 (dismissing with prejudice the plaintiff's claims against defense attorney); *Kalluvilayil*, 1:13-CV-099-C, 2013 WL 12098730, at *4 ("Plaintiff's complaint and all claims alleged therein [including those against his defense attorney] are dismissed with prejudice as frivolous and for failure to state a claim").

## IV.  RECOMMENDATION

Accordingly, the Court *sua sponte* recommends that Plaintiff's claims and suit against Defendant Attorney Johnson be dismissed with prejudice. *See* 28 U.S.C. §§ 1915A and 1915(e).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE